1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                 FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10
    SUSAN BOWMAN, an individual;  )
11  and DISABILITY RIGHTS          )        2:04-cv-0755-GEB-PAN
    ENFORCEMENT, EDUCATION         )
12  SERVICES: HELPING YOU HELP     )        ORDER*
    OTHERS, a California public    )
13  benefit corporation,          )
                                   )
14                  Plaintiffs,    )
                                   )
15           v.                    )
                                   )
16  BEST WESTERN STATION HOUSE     )
    INN; THE WILLIFORD FAMILY      )
17  PARTNERSHIP, L.P., a           )
    California limited             )
18  partnership; BEST WESTERN      )
    INTERNATIONAL, INC., an        )
19  Arizona corporation; and       )
    LEWIS T. WILLIFORD, an         )
20  individual dba BEST WESTERN    )
    STATION HOUSE INN,             )
21                                 )
                    Defendants.    )
22  _____)

23

24          Pending is The Williford Family Partnership, L.P. and Best

25  Western International, Inc.'s (jointly "Defendants") motion to

26  dismiss.  Defendants move to dismiss plaintiff Disability Rights

27  _____

28        *    This matter was determined to be suitable for decision
    without oral argument.  L.R. 78-230(h).

                                    1

1 | Enforcement, Education Services: Helping You Help Others ("DREES")
2 | from the claim for violations of the Americans With Disabilities Act
3 | of 1990 ("ADA claim"), arguing that DREES lacks standing as an
4 | organization to assert the ADA claim.  Defendants also move to dismiss
5 | the claims for violations of the California Disabled Persons Act, the
6 | California Health and Safety Code, the Unruh Civil Rights Act, and the
7 | Unfair Business Practices Act (collectively "state law claims"),
8 | arguing that the Court should decline to exercise supplemental
9 | jurisdiction over the claims.  For the reasons stated below, the
10 | motion to dismiss DREES from the ADA claim is granted and the motion
11 | to dismiss the state law claims is denied.

**BACKGROUND**

13 | Susan Bowman ("Bowman") is a person with a disability.
14 | DREES is a disability rights organization of which Bowman is a member.
15 | Bowman and DREES brought suit against the Defendants raising identical
16 | ADA and state law claims arising from Bowman's alleged contact with
17 | Defendants and/or their representatives on or about July 22, 2003 and
18 | July 29, 2003.

**ANALYSIS**

Standing

21 | An organization may have standing to sue on behalf of its
22 | members when (1) its members would otherwise have standing to sue in
23 | their own right, (2) the interests it seeks to protect are germane to
24 | the organization's purpose, and (3) neither the claim asserted nor the
25 | relief requested requires the participation of individual members.
26 | Greater Los Angeles Council on Deafness, Inc. v. Baldrige, 827 F.2d
27 | 1353, 1358 (9th Cir. 1987).  The doctrine of organizational standing
28 | is made up of two components: constitutional requirements and

1 prudential considerations. <u>Allen v. Wright</u>, 468 U.S. 737, 751 (1984).

2 The prudential considerations of organizational standing embrace

3 "judicially self-imposed limits on the exercise of federal

4 jurisdiction, such as the general prohibition on a litigant's raising

5 another person's legal rights . . . ." <u>Id</u>. DREES's standing to

6 pursue injunctive relief under the ADA claim must be evaluated in

7 light of these self-imposed limits.

8 DREES's ADA claim for injunctive relief is the same as

9 Bowman's ADA claim for injunctive relief. DREES has not shown

10 sufficient reason for it and Bowman to prosecute the same claim.

11 DREES is merely repeating the claims brought by Bowman. Furthermore,

12 Bowman "appears to be the better party to assert [her] own claims.

13 Therefore, [DREES] lacks standing to assert claims on [Bowman's]

14 behalf," and has not shown that it has standing to assert claims on

15 behalf of its other members. <u>Access 123, Inc. v. Markey's Lobster</u>

16 <u>Pool, Inc.</u>, 2001 WL 920051, at *4 (D.N.H. Aug. 14, 2001); <u>see also</u>

17 <u>Disabled in Action of Metropolitan New York v. Trump Intern. Hotel &</u>

18 <u>Tower</u>, 2003 WL 1751785, at *10 (S.D.N.Y. Apr. 2, 2003). Therefore,

19 DREES is dismissed as a plaintiff in the ADA claim.

<u>Supplemental Jurisdiction</u>

21 Supplemental jurisdiction may be exercised over the state

22 law claims pursuant to 28 U.S.C. § 1367. A court may decline to

23 exercise supplemental jurisdiction in four situations enumerated in 28

24 U.S.C. § 1367(c). Defendants' motion fails to adequately explain why

25 supplemental jurisdiction should not be exercised in this case.

26 /////

27 /////

28 /////

Therefore, Defendants' motion to dismiss the state law claims is denied.

    IT IS SO ORDERED.

Dated:  August 31, 2005

                              /s/ Garland E. Burrell, Jr.
                              GARLAND E. BURRELL, JR.
                              United States District Judge