```
                    IN THE UNITED STATES DISTRICT COURT

                   FOR THE EASTERN DISTRICT OF CALIFORNIA


SUSAN BOWMAN, an individual; and    )
DISABILITY RIGHTS ENFORCEMENT,      )
EDUCATION SERVICES:  HELPING YOU    )
HELP OTHERS, a California public    )
benefit corporation,                )
                                    )    2:04-cv-0755-GEB-PAN
               Plaintiffs,          )
                                    )    ORDER
          v.                        )
                                    )
BEST WESTERN STATION HOUSE INN;     )
THE WILLIFORD FAMILY PARTNERSHIP,   )
L.P., a California limited          )
partnership; BEST WESTERN INTER-    )
NATIONAL, INC., an Arizona          )
corporation and LEWIS T. WILLIFORD,)
an individual dba BEST WESTERN      )
STATION HOUSE INN,                  )
                                    )
               Defendants.          )
                                    )
```

On December 13, 2005, Defendant Best Western International, Inc. ("BWI"), filed a motion requesting leave to file a summary judgment motion ("Motion") for hearing after the law and motion deadline prescribed by the Rule 16 Scheduling Order governing this action.[1]  (See Status (Pretrial Scheduling) Order, July 5, 2005.)

---

[1] All references to Rule 16 refer to Federal Rule of Civil Procedure 16.

1

1  On December 13, 2005, BWI also filed an ex parte application
2  requesting that the Motion be briefed and heard on shortened time.
3          Rule 16 allows a Scheduling Order to be modified upon a
4  showing of good cause.  BWI argues that good cause exists because its
5  counsel failed to calender the law and motion cut-off date due to
6  inadvertence, mistake, and/or neglect.  In addition, BWI argues good
7  cause exists because a "favorable disposition on the motion for
8  summary judgment will completely dispose of the matter against
9  BWI . . . [and] will also reduce the number of issues and witnesses at
10 trial."  However, a calendering mistake or the possibility of a
11 favorable disposition do not constitute "good cause" under Rule 16(b).
12 See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th
13 Cir. 1992) (stating that the "good cause" standard focuses on the
14 diligence of the party seeking modification).  Therefore the Motion is
15 denied.  See id. (concluding that if the party seeking modification
16 fails to demonstrate diligence "the inquiry should end").  The
17 application to shorten time is also denied because it no longer
18 concerns a pending motion.
19         IT IS SO ORDERED.

DATED:  December 14, 2005

                                    /s/ Garland E. Burrell, Jr.
                                    GARLAND E. BURRELL, JR.
                                    United States District Judge