```
 1
 2
 3
 4
 5
 6
 7                    IN THE UNITED STATES DISTRICT COURT
 8                   FOR THE EASTERN DISTRICT OF CALIFORNIA
 9
10  SUSAN BOWMAN, an individual; and    )
    DISABILITY RIGHTS ENFORCEMENT,      )
11  EDUCATION SERVICES: HELPING YOU     )
    HELP OTHERS, a California public    )
12  benefit corporation,                )
                                        )    2:04-cv-0755-GEB-PAN
13                  Plaintiffs,         )
                                        )    ORDER
14          v.                          )
                                        )
15  BEST WESTERN STATION HOUSE INN;     )
    THE WILLIFORD FAMILY PARTNERSHIP,   )
16  L.P., a California limited          )
    partnership; BEST WESTERN INTER-    )
17  NATIONAL, INC., an Arizona          )
    corporation and LEWIS T. WILLIFORD, )
18  an individual dba BEST WESTERN      )
    STATION HOUSE INN,                  )
19                                      )
                    Defendants.         )
20  ────────────────────────────────────)
```

On December 12, 2005, the parties filed a Joint Pretrial Statement ("JPS"), which pursuant to the Rule 16 Scheduling Order was supposed to delineate the issues for trial. The Court reviewed the JPS in preparation for the Final Pretrial Conference scheduled on December 19, 2005. In light of the JPS, the Final Pretrial Conference is vacated, summary judgment will be entered on the only federal question because Plaintiff Susan Bowman lacks standing, and the remaining state claims will be dismissed under 28 U.S.C. § 1367(c).

1

The only federal question is whether Bowman is entitled to injunctive relief under the Americans with Disabilities Act ("ADA"), which would require the removal of architectural barriers at the Best Western Station House Inn ("the Inn") located in the City of South Lake Tahoe. Since the parties' JPS reveals it is undisputed that Bowman has no intention of returning to the Inn, Bowman lacks Article III standing to seek injunctive relief under the ADA. (JPS at 12.)

To establish Article III standing, Bowman must demonstrate she faces "a real and immediate . . . threat of *future* injury" that can be addressed through injunctive relief. Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994).

> Because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges . . . a real and immediate-- as opposed to a merely conjectural or hypothetical-- threat of *future* injury. Logically, "a prospective remedy will provide no relief for an injury that is, and likely will remain, entirely in the past." Although "past wrongs are evidence bearing on whether there is a real and immediate threat of repeated injury," "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects."

Id. (citations omitted). Consequently, "[i]n ADA cases, courts have held that a plaintiff lacks standing to seek injunctive relief unless [she] alleges facts giving rise to an inference that [she] will suffer future discrimination by the defendant." Shotz v. Cates, 256 F.3d 1077, 1081 (11th Cir. 2001).

Therefore, the fact that Bowman may have suffered an injury in the past, "does not in itself show a present case or controversy regarding injunctive relief . . . if [the showing is] unaccompanied by any continuing, present adverse effects." Lujan v. Defenders of

1  <u>Wildlife</u>, 504 U.S. 555, 564 (1992) (citations omitted).  Even when a
2  plaintiff declares in a vague manner an intent "to return to the
3  places [she] had visited before . . . '[s]uch some day' intentions --
4  without any description of concrete plans, or indeed even any
5  specification of *when* the some day will be -- do not support a finding
6  of the 'actual or imminent' injury that our cases require."  <u>Id.</u>
7  "Absent such an allegation, the likelihood of future discrimination
8  remains conjectural, hypothetical, or contingent, and not real and
9  immediate."  <u>Shotz</u>, 256 F.3d at 1082.

10      The "Undisputed Facts" section of the JPS states Bowman "has
11 not returned to Lake Tahoe, and does not plan to return to Lake Tahoe,
12 because the altitude affects her health."  (JPS at 12.)  Since Bowman
13 concedes "it is highly unlikely that she will ever again be in a
14 position where any discrimination by [the Inn] against disabled
15 individuals will affect her personally," she "has failed to suggest
16 [she is likely to experience] a 'real or immediate threat' of future
17 discrimination by [the Inn]."  <u>Shotz</u>, 256 F.3d at 1081-82.  Therefore,
18 summary judgment is entered in favor of Defendants on Bowman's ADA
19 claim.[1]

---

[1]  The entry of summary judgment is consistent with the warning in the Status (Pretrial Scheduling) Order filed October 7, 2005:

> [S]ince [the] process [of having the parties delineate trial issues in a JPS] is designed to promote efficiency and conserve judicial resources, "there is no reason to require that the elimination of non-trialworthy claims await a formal motion for summary judgment."  <u>Berkovitz v. Home Box Office, Inc.</u>, 89 F.3d 24, 29 (1st Cir. 1996).  "*If the pretrial [statement] discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law,* the Court may summarily dispose of the case or issue*.  <u>Portsmouth Square v. Shareholders Protective Comm.</u>, 770 F.2d 866, 868-69 (9th Cir. 1985) (emphasis added).
> (continued...)

1          Defendants argue "[b]ecause the only federal claim is one
2   for ADA violations, and Plaintiff's claims should be dismissed on
3   . . . standing grounds, this court should dismiss Plaintiff's state
4   law claims."  (JPS at 24.)  Under 28 U.S.C. § 1367(c), a district
5   court may decline to exercise supplemental jurisdiction over a state
6   claim when "the district court has dismissed all claims over which it
7   has original jurisdiction . . . ."  City of Chicago v. Int'l Coll. Of
8   Surgeons, 522 U.S. 156, 173 (1997).  "In the usual case in which all
9   federal-law claims are eliminated before trial, the balance of factors
10  to be considered under the pendent jurisdiction doctrine -- judicial
11  economy, convenience, fairness, and comity -- will point toward
12  declining to exercise jurisdiction over the state-law claims."
13  Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988); City of
14  Chicago, 522 U.S. at 173 (1997) ("when deciding whether to exercise
15  supplemental jurisdiction, 'a federal court should consider and weigh
16  in each case, . . . the values of judicial economy, convenience,
17  fairness, and comity'").
18         The state law claims in this action assert violations of (1)
19  the Disabled Persons Act, California Civil Code §§ 54 et seq., (2)
20  California Health and Safety Code § 19955 et seq., and (3) the Unruh
21  Civil Rights Act, California Civil Code § 51 et seq.  (JPS at 20-22.)
22  The relief sought includes injunctive relief, general and special
23  damages, punitive damages, and attorney fees. (Id. at 20-22.)  The
24  parties have requested a jury trial on the state issues, including
25  whether each Defendant "breached a duty of care to Plaintiff," and

_____

[1](...continued)
(Oct. 7, 2004, Order at 10.)

4

whether "the breach of duty proximately caused Plaintiff's injuries." (Id. at 4.)  In addition, the parties have requested that the court determine whether each Defendant owed a duty of care to Plaintiff, which under California law involves consideration of several policy factors.  See e.g. Sakiyama v. AMF Bowling Centers Inc., 110 Cal. App. 4th 398, 405 (2003).

Determination of these state issues should be decided in a state forum because "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). As a matter of comity and to provide the parties with "a surer-footed reading of applicable [California] law" in a state forum, the Court declines to continue exercising supplemental jurisdiction over the state law claims.  See id.  Therefore, the state law claims are dismissed without prejudice as of the date on which this Order is filed.

The Clerk of Court shall enter judgment in favor of Defendants on the claims under the Americans with Disabilities Act.

IT IS SO ORDERED.

Dated:  December 16, 2005

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge