1  THOMAS E. FRANKOVICH (State Bar #074414)
   JENNIFER STENEBERG (State Bar #202985)
2  JULIA M. ADAMS (State Bar #230795)
   THOMAS E. FRANKOVICH
3  *A PROFESSIONAL LAW CORPORATION*
   2806 Van Ness Avenue
4  San Francisco, CA  94109
   Telephone:    415/674-8600
5  Facsimile:    415/674-9900

6  Attorneys for Plaintiff
   SUSAN BOWMAN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN BOWMAN, an individual; and DISABILITY RIGHTS ENFORCEMENT, EDUCATION SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>BEST WESTERN STATION HOUSE INN; THE WILLIFORD FAMILY PARTNERSHIP, L.P. a California limited partnership; BEST WESTERN INTERNATIONAL, INC., an Arizona corporation and LEWIS T. WILLIFORD, an individual dba BEST WESTERN STATION HOUSE INN,<br><br>Defendants. | **CASE NO. CIV. S 04-0755 GEB PAN**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR MONETARY SANCTIONS AGAINST THOMAS E. FRANKOVICH AND THE FRANKOVICH GROUP**<br><br>Date:   February 27, 2006<br>Time:   9:00 a.m.<br>Judge:  Hon. Garland E. Burrell<br>Court:  #10 |

Plaintiffs, by and through their counsel of record, submit this memorandum of points and authorities in opposition to defendants THE WILLIFORD FAMILY PARTNERSHIP, L.P., and BEST WESTERN INTERNATIONAL, INC.'s motion for monetary sanctions against Thomas E. Frankovich and The Frankovich Group.

///

///

**TABLE OF CONTENTS**

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.    Defendants Are Not Entitled To An Award Of Attorneys' Fees As The Prevailing Party Because Plaintiff's Action Was Not Frivolous, Unreasonable Or Groundless . . . . . 2

    A.    Plaintiff's Action Was Grounded In The Well-Founded Belief That Architectural Barriers Existed At Best Western Station House Inn In Contravention Of Federal And State Law. . . . . . . . . . . . . . . . . . . . . . . . 4

    B.    Plaintiff's Claims For Damages Pursuant To §§ 51 And 54 Of The California Civil Code Remained In Dispute Up To The Date Of Dismissal. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

II.    An Award Pursuant to 28 U.S.C. §1927 Or This Court's Inherent Power to Sanction is Not Justified As Plaintiff Did Nothing to Unreasonably or Vexatiously Multiply the Proceedings and the Actions of Plaintiff's Attorneys Do Not Amount to the Bad Faith Conduct . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

III.    The Amount Of Defendants' Requested Attorneys' Fees Is Unreasonable And, If Granted At All, Should Be Reduced. . . . . . . . . . . . . . . . . 10

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

**TABLE OF AUTHORITIES**

**Cases**

**U.S. Supreme Court**

Chambers v. NASCO, Inc., 501 U.S. 32 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Christianburg Garment Co. v. EEOC, 434 U.S. 412 (1978) . . . . . . . . . . . . . . . . . . 2, 3, 4

Hensley v. Eckerhart, 461 U.S. 424 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10


**Ninth Circuit and California Federal**

Brown v. Lucky Stores, Inc., 246 F.3d 1182, 1189 (9th Cir. 2001) . . . . . . . . . . . . . . . . 3

Jankey v. Los Burritos, Inc., 04-7864 CBM (Rzx)(C.D. Cal.), October 4, 2005 . . . . . . . . 7

Loskot v. Hyde Out, 04-4988 PJH (N.D. Cal.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Molski v. Conrad's Restaurant, 04-1075 ABC (PJWx)(C.D. Cal.), June 3, 2005 . . . . . . . 7

Molski v. Mandarin Touch Restaurant, 359 F.Supp. 924 (2005) . . . . . . . . . . . . . . . . . . 7

Molski v. Thai Palace Corporation, 04-4866 MMM (MANx)(C.D. Cal.), July 29, 2005 . . 7

Pickern v. Holiday Quality Foods, Inc., 293 F.3d 1133 (9th Cir. 2002) . . . . . . . . . . . . . 9

Primus Automotive Financial Serv. v. Batarse, 115 F.3d 644, 648 (9th Circ. 1997) . . . . . 6

Wilson v. Pier 1 Imports (US), Inc., S-04-633 LKK/CMK (E.D. Cal.), February 7, 2006 . 9

White v. Divine Investments, Inc., WL2491543 (E.D. Cal.) (2005) . . . . . . . . . . . . . . . . 9


**Other Federal Cases**

Bercovitch v. Baldwin School, Inc., 191 F.3d 8, 10 (1st Cir. 1999) . . . . . . . . . . . . . . . . 3


**Statutes**

28 U.S.C. §1927 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 10

42 U.S.C. §12182(b)(2)(A)(iv) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

42 U.S.C. § 12188(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Cal. Civ. Code § 51 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

Cal. Civ. Code §§ 54 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

# INTRODUCTION

Dismissal of plaintiff's claim pursuant to the Americans with Disabilities Act ("ADA") for lack of standing and relinquishment of the Court's supplemental jurisdiction for plaintiff's continuing claims for damages pursuant to State law, does not bestow prevailing party status on defendants, as required for an award of attorneys' fees and costs. Because plaintiff's action against defendants was neither frivolous, unreasonable nor groundless, but was and is based on reasonable and reliable evidence of defendants' discrimination against plaintiff and persons with disabilities generally at the Best Western Station House Inn and the Best Western International reservation system, defendants' motion for an award of attorneys' fees and costs must be denied.

# STATEMENT OF FACTS

Plaintiff Susan Bowman is a person with a disability. Former plaintiff Disability Rights Enforcement Education Services: Helping You Help Others (DREES) is a non-profit membership organization which promotes and advocates disability rights education and enforcement throughout California, and initially joined Susan in bringing this action on behalf of its membership. Defendant Williford Family Partnership, L.P., owns and operates the Best Western Station House Inn (hereinafter referred to as "SHI") and defendant Best Western International (hereinafter referred to as "BWI") operates the reservation system utilized by the Best Western Station House Inn.

Susan Bowman is a paraplegic who cannot walk or stand. She has used a wheelchair since 1972 due to a birth defect - Spina Bifida - and Astrocytoma, tumors of the brain and/or spinal cord. Due to her disability, Ms. Bowman requires the use of a wheelchair for mobility and to travel. (Declaration of Susan Bowman ¶2).

On or about July 22, 2003, Plaintiff phoned Central Reservations for Best Western Motels to book a reservation for July 29 through July 31, 2003. Plaintiff specifically told the agent, who identified herself as "Elsie," that she need a handicapped accessible room. Plaintiff told Elsie that the bathroom door needed to accommodate a wheelchair because

1  Plaintiff does not stand or walk at all.  Plaintiff told Elsie that it would not be acceptable for
2  Plaintiff to travel to South Lake Tahoe to find that the room was not in fact accessible.  Elsie
3  then called a person who identified herself as "Kim" at the SHI in South Lake Tahoe.  Elsie
4  then told Plaintiff that SHI definitely had an accessible room for her and that it was Room 139.
5  (Declaration of Susan Bowman ¶4).

6  On the morning of July 29, 2003, before leaving for her trip, Plaintiff telephoned SHI
7  directly to confirm her reservation of a handicapped accessible room.  She was again informed
8  that such a room was available for her.  (Declaration of Susan Bowman ¶5). When Plaintiff
9  arrived at SHI on July 29, 2005, she was informed that there was no handicapped accessible
10 room available for her.  She was informed that Room 139 was not handicapped accessible and
11 that there was only one accessible room which had already been reserved prior to July 22,
12 2003.  Plaintiff asked to see a non-accessible room in order to ascertain if she could stay in
13 one.  Plaintiff saw that there was no way for her to use the bathroom in the non-accessible
14 room.  (Declaration of Susan Bowman ¶6).

15 Plaintiff also encountered a non-accessible registration counter at the time of her visit.
16 At the time of plaintiff's visit, SHI had only one of the five required handicapped accessible
17 guestrooms and did not have an accessible swimming pool.  (Declaration of Rick Sarantschin,
18 ¶ 7).

19 In an effort to see the discriminatory condition of SHI and the BWI reservation system
20 corrected, plaintiffs brought an action seeking injunctive relief under federal and state law and
21 damages pursuant to provisions of the California Civil Code.  Thereafter, this court dismissed
22 plaintiffs' action on the basis that plaintiffs lacked standing for injunctive relief under the
23 ADA.

24 **ARGUMENT**

25 **I.  Defendants Are Not Entitled To An Award Of Attorneys' Fees As The Prevailing Party Because Plaintiff's Action Was Not Frivolous, Unreasonable Or Groundless**
26
27 The legal standard applied when awarding attorneys' fees to a prevailing defendant in a
28 civil rights action was first articulated by the U.S. Supreme Court in Christianburg Garment

Co. v. EEOC, 434 U.S. 412 (1978). There, the Supreme Court held that attorneys' fees should not be assessed against a plaintiff in a civil rights action unless the plaintiff's claim or continued litigation was "frivolous, unreasonable, or groundless." Christianburg Garment Co., 434 U.S. at 422. The Court's rationale for this position was that attorney fee-shifting provisions are intended to facilitate and encourage private enforcement of anti-discrimination policies. The Court felt that to allow these provisions to shift the burden of fees onto unsuccessful plaintiffs would run contrary to this purpose, and would, in fact, have a chilling effect on the adjudication of civil rights violations.

> To take the further step of assessing attorney's fees against plaintiffs simply because they do not finally prevail would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII. Hence, a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.

(Christianburg Garment Co., 434 U.S. at 421-422.)

In recognition of the parallel nature of the civil rights and the ADA fee-shifting provisions, the Christianburg Garment standard has been held equally applicable to fee motions brought by defendants in ADA actions as in actions brought under the Civil Rights Act. Brown v. Lucky Stores, Inc., 246 F.3d 1182, 1189 (9th Cir. 2001); *also* Bercovitch v. Baldwin School, Inc., 191 F.3d 8, 10 (1st Cir. 1999). Furthermore, the Ninth Circuit Court of Appeals held in Brown v. Lucky Stores, Inc., 246 F.3d 1182 (9th Cir. 2001), that "[w]hen the federal statute forming the basis for the action has an express provision governing costs, . . . that provision controls over the federal rules." Brown v. Lucky Stores, Inc., 246 F.3d 1182, 1190 (9th Cir. 2001). The Brown Court went on the find that the attorneys' fees provision of the ADA, 42 U.S.C. §12205, controls the awarding of both fees and costs in an action brought pursuant to that Act, and that FRCP 54(d)(1) is superceded.

Therefore, attorneys' fees and costs in an ADA action may only be awarded to defendants where the Court has deemed that defendants "prevailed" under the Christianburg Garment test. Because plaintiffs' action was and is based on an actual incident of discrimination where plaintiff Susan Bowman encountered architectural barriers to access

which were allowed in exist in violation of the ADA and companion State laws, and because at no time during these proceedings did plaintiff's continued litigation become frivolous or unreasonable, defendant cannot be deemed the prevailing party as that term is applied under Christianburg Garment.  Defendants' claim for attorneys' fees and costs must, therefore, be denied.

### A. Plaintiff's Action Was Grounded In The Well-Founded Belief That Architectural Barriers Existed At Best Western Station House Inn In Contravention Of Federal And State Law

The ADA, and companion California statutes which incorporate the ADA in its entirety,[1] impose on all public accommodations which existed at the time of its enactment a legal obligation to remove architectural barriers which deny access to persons with disabilities. 42 U.S.C. §12182(b)(2)(A)(iv).  Where architectural barriers are allowed to persist in contravention of statute, the ADA creates a private right of action for an "order to alter facilities to make such facilities readily accessible to and useable by individuals with disabilities to the extent required" by the law.  42 U.S.C. § 12188(a)(2).

Plaintiffs, through their retained expert, Rick Sarantschin of Access Investigation Monitoring, identified numerous architectural barriers to access at BWI, some of which were personally encountered by plaintiff Susan Bowman during her visit on July 29, 2003.  These architectural barriers included:

1. The entrance signage did not meet the minimum requirements, ADAAG 4.1.3(16)(b);

2. The SHI does not have the required number of accessible guestrooms, ADAAG 9.1.2;

3. There is no international symbol of accessibility posted at the registration office, ADAAG 4.1.3(16)(b);

4. The accessible parking stall in the front lot has the access aisle located on the wrong side, ADAAG 4.6.3;

---

[1] Both the Unruh Civil Rights Act, Cal. Civ. Code § 51, and the Disabled Persons Act, Cal. Civ. Code §§ 54 and 54.1, state "a violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section."  Cal. Civ. Code §§ 51(f) and 54(c).

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS'
 MOTION FOR MONETARY SANCTIONS                                                                          4

5. The accessible parking space in the front lot did not have the required handicapped accessible parking sign, ADAAG 4.6.4;

6. One space in the rear lot has a partial access aisle located on the wrong side, ADAAG 4.6.3;

7. There is no "van accessible" parking signage in the accessible parking stall, ADAAG 4.6.4;

8. The entrance to the registration office requires pressure in excess of 10.5 lbs to open, ADAAG 4.13.11(2)(a);

9. The registration counter in the office is in excess of 36" high, ADAAG 4.32.4, 7.2.1, 7.2.2, and 7.2.3;

10. The outdoor stairway does not have handrails that extend beyond the top and bottom nosings, ADAAG 4.9.4(2);

11. The outdoor stairs do not have striping for the visually impaired, ADAAG 4.5.1; and

12. The swimming pool did not have an assisting lift device, ADAAG 9.1.1.

Additionally, plaintiff's expert identified elements of guestroom 139 that would need to be remediated in order to make the guestroom accessible. (Declaration of Rick Sarantschin, ¶¶ 7, 8, and 9). Plaintiff's expert was aware at the time of inspection that room 139 is not the accessible room at SHI. However, as SHI does not have the requisite number of accessible guestroom, and room 139 was the room reserved for and shown to Ms. Bowman, it was used as an example for what would need to be done in similar rooms. (Declaration of Rick Sarantschin, ¶¶ 8 and 9) and (Declaration of Thomas E. Frankovich, ¶¶ 3 and 4).

Thus, at the time of filing the complaint, plaintiff's counsel believed that they had a well-founded claim for an injunction compelling the removal of the above-noted architectural barriers.

**B.    Plaintiff's Claims For Damages Pursuant To §§ 51 And 54 Of The California Civil Code Remained In Dispute Up To The Date Of Dismissal**

Separate and distinct from plaintiff's claim for injunctive relief under the ADA, plaintiff's action also sought damages for the discrimination suffered by plaintiff Susan Bowman pursuant to sections 51 and 54 of the California Civil Code.

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS'
 MOTION FOR MONETARY SANCTIONS                                                                                      5

On August 31, 2005, in response to a motion brought by defendants, this Court rightfully exercised its supplemental jurisdiction to hear and decide plaintiffs' State law claims, and it was reasonable for plaintiffs to rely on said supplemental jurisdiction in continuing to litigate those claims. Until the time that this Court relinquished its supplemental jurisdiction over plaintiff's State law causes of action - when the ADA claim was dismissed for lack of standing - the continued litigation of plaintiff's case was neither frivolous, unreasonable nor groundless.

**II.   An Award Pursuant to 28 U.S.C. §1927 Or This Court's Inherent Power to Sanction is Not Justified As Plaintiff Did Nothing to Unreasonably or Vexatiously Multiply the Proceedings and the Actions of Plaintiff's Attorneys Do Not Amount to the Bad Faith Conduct**

28 U.S.C. §1927 provides that the excess costs, expenses, and attorney's fees may be awarded when counsel's unreasonable and vexatious behavior needlessly multiplies the proceedings in a case. An award of sanctions under 28 U.S.C. §1927 requires a finding of "bad faith" or recklessness.

Additionally, Federal Courts have the inherent power to impose sanctions for "bad faith" conduct in litigation. Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1992). However, before awarding sanctions, the Court must make an explicit finding that the counsel's conduct "constituted or was tantamount to bad faith." Primus Automotive Financial Serv. v. Batarse, 115 F.3d 644, 648 (9th Circ. 1997). The bad faith requirement sets a high threshold. Id. at 649. In the instant case, there can be no finding that plaintiff's counsel acted in "bad faith" or was reckless.

Plaintiff's counsel without fail, always personally conducts a site inspection, as well as has an expert analysis done, of each and every public accommodation complained of prior to filing an action. Thomas Frankovich, plaintiff's lead counsel, personally conducted the site inspection in this case, along with plaintiff's expert. (Declaration of Thomas E. Frankovich, ¶ 2). After determining that the claims being brought were meritorious, the complaint was filed. That the complaint was not filed until nearly a year following Ms. Bowman's visit to SHI, is

1  only indicative of the plaintiff's counsels need to spread out their caseload in a more
2  manageable fashion given the resources available to the office, not an attempt to bolster daily
3  damages, as defendants claim - without providing any evidentiary support aside from citing to
4  Molski v. Mandarin Touch Restaurant. (Declaration of Thomas E. Frankovich, ¶ 5).
5  Plaintiff's counsel respectfully disagrees with the reasoning of Molski, and is currently
6  appealing the case to the Ninth Circuit.  Molski v. Mandarin Touch Restaurant, 359 F.Supp.
7  924, 932 (2005).

8  Defendants also argue that plaintiff's counsel knew that DREES lacked standing to
9  pursue their claims, yet "vigorously" opposed Defendants' Motion to Dismiss, "effectively
10 forcing this Court to review the motion and opposition papers, and evaluate the motion."  That
11 this Court ultimately dismissed DREES for lack of standing does not equate to plaintiff's
12 counsel having knowledge of the certainty of such an outcome.  There is a split of authority on
13 this issue within the Federal Districts of California, and thus it was reasonable for plaintiff's
14 counsel to argue that DREES had standing to pursue their claims.  (*See* Molski v. Conrad's
15 Restaurant, 04-1075 ABC (PJWx)(C.D. Cal.), Order Re DREES Standing, June 3, 2005;
16 Jankey v. Los Burritos, Inc., 04-7864 CBM (Rzx)(C.D. Cal.), Order Dismissing Defendants'
17 Motion to Dismiss, October 4, 2005; Molski v. Thai Palace Corporation, 04-4866 MMM
18 (MANx)(C.D. Cal.), Order Denying Defendants' Motion to Dismiss, July 29, 2005; all
19 Central District cases in which DREES' standing has been upheld.  *See also* Loskot v. Hyde
20 Out, 04-4988 PJH (N.D. Cal.), Order Re Denying Defendants' Motion to Dismiss and to
21 Strike, May 27, 2005, a Northern District case in which DREES' standing was upheld.  (See
22 Request for Judicial Notice as Exhibits 1-4.)  Given this split, plaintiff's counsel had a duty to
23 vigorously oppose defendants' Motion to Dismiss, as DREES' standing was not, and is not, a
24 settled issue.  Accordingly, plaintiff's counsel should not be sanctioned for advocating on
25 behalf of their client.

26 Defendant also argues that plaintiff's counsel knew or should have known that plaintiff
27 Susan Bowman did not have standing to pursue her claims due to the statements she made at
28 her deposition regarding her intent to return to Lake Tahoe.  However, at no time prior to Ms.

Bowman's deposition on November 2, 2005, had she ever expressed a lack of intent to return to Lake Tahoe. (Declaration of Susan Bowman ¶13) and (Declaration of Thomas E. Frankovich, ¶ 11). Until the deposition, plaintiff's counsel was unaware that Ms. Bowman did not intend to return to Lake Tahoe for health reasons or otherwise. (Declaration of Thomas E. Frankovich, ¶ 11). In fact, Ms. Bowman claims that her statements made were not true, that she was stressed and very upset when she said it, and that if she had the opportunity to review her deposition transcript at a time when she was not so upset, she would have asked to change it. (Declaration of Susan Bowman ¶¶ 10-14) and (Declaration of Thomas E. Frankovich, ¶ 11).

That plaintiff's counsel was unaware that Ms. Bowman would state she had no intent to return to Lake Tahoe is hardly sanctionable. Plaintiff's counsel conducted a Rule 11 site inspection to verify the merits of plaintiff's claims after meeting with plaintiff Bowman. (Declaration of Thomas E. Frankovich, ¶ 2). Further, Ms. Bowman had never stated that she would not return to Lake Tahoe due to health reasons or otherwise, prior to her deposition on November 2, 2005. (Declaration of Thomas E. Frankovich, ¶ 11) and (Declaration of Susan Bowman ¶¶ 13). In addition, plaintiff's statement at most negated her injunctive relief standing. Plaintiff's counsel did not dismiss the action as valid claims of State law remained outstanding. In addition to the requested injunctive relief being sought against BWI - written confirmation of accessible room reservations, plaintiff continued to seek damages for the past act of discrimination. Thus, as valid claims remained, the actions of plaintiff's counsel by not dismissing the action following the deposition cannot be characterized as frivolous, vexatious or otherwise in bad faith, and are thus not sanctionable.

Defendant also argues that it is "textbook ADA law" that a plaintiff has no standing to assert claims that she was not aware of or did not encounter in support of their claim that plaintiff's counsel knew or should have known that Ms. Bowman did not have standing to pursue her claims. They state that plaintiff's counsel were repeatedly informed of this fact yet "the Frankovich attorneys persisted in pursuing this baseless actions." Again, defense counsel

fails to recognize that there is a split of authority, this time within the Eastern District of California as to this issue. In the most recent case to hold differently, the Court stated:

> Indeed it is difficult to believe that a statute with the broad remedial purpose of ending discrimination against the disabled, should be construed as permitting discrimination to persist after its existence has been discovered.

Wilson v. Pier 1 Imports (US), Inc., S-04-633 LKK/CMK (E.D. Cal.), February 7, 2006, at p. 7, line 2-6. (*See* Request for Judicial Notice as Exhibit 5). The Court in Wilson specifically considered the findings in White v. Divine Investments, Inc., WL2491543 (E.D. Cal.) (2005), cited by defendants and declined to follow the reasoning therein. *See also* Pickern v. Holiday Quality Foods, Inc., 293 F. 3d 1133 (9th Cir. 2002), which also held that a plaintiff is not limited to challenging ADA violations that he personally encountered. This is not "textbook ADA law" as defendants claim, and plaintiff's counsel should not be sanctioned for seeking the maximum relief available under the law.

Defendants make a similar argument in relation to claims for ADA violations that do not relate to Ms. Bowman's disability. However, in making this argument, defendants fail to note that DREES was initially a plaintiff in this action. DREES membership is made up of individuals with a range of disabilities, and is not limited to mobility related disabilities. Thus, plaintiff's counsel initially sought relief for violations on behalf of DREES' membership as well. Therefore, at least until DREES was dismissed on August 31, 2005, plaintiff's counsels' pursuit of the remediation of those violations was clearly merited and not brought in bad faith.

Plaintiff's counsel acknowledges that there were delays throughout the litigation, yet maintains that any delays were unintentional and inadvertent. (Declaration of Thomas E. Frankovich, ¶ 10). If anything, any delays must be viewed as excusable neglect on the part of plaintiff's counsel - which does not rise to the standard necessary for an award of sanctions. Plaintiff has never made an exorbitant damages claim, nor has plaintiffs' counsel made a demand for excessive attorney's fees, costs, and litigation expenses.

Defendants have shown no evidence to support their argument that any delays in the litigation were aimed at increasing daily damages and plaintiffs' attorneys' fees. Rather their

argument is based on speculation and conjecture, that is just not supported. Indeed, any delay caused by plaintiff's counsel throughout this litigation is more indicative of the unfortunate turn-over of the associates who were assigned to this case and the interim periods when the newly assigned associates were coming up to speed.   (Declaration of Thomas E. Frankovich, ¶ 10).  As unfortunate as this may be, it hardly amounts to bad faith conduct or recklessness, and is not sanctionable.

### III. The Amount Of Defendants' Requested Attorneys' Fees Is Unreasonable And, If Granted At All, Should Be Reduced

An award of attorneys' fees under 28 U.S.C. § 1927 should properly provide the prejudiced party with recovery of **reasonable** attorneys' fees.  Such an award is not intended nor should it allow the moving party to capture a undeserved windfall.  A **reasonable** attorneys' fees award is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate of compensation.  Hensley v. Eckerhart, 461 U.S. 424 (1983).

In this case, if the Court is to award any attorneys' fees, the award should only reflect time actually expended in securing the defendants' dismissal and should not include compensation for tasks not directly related to defense of the case.  Nonetheless, defendants are seeking recovery for tasks which did not benefit their defense of the case and are in no way responsible for defendants dismissal.  In particular, defendants claim fees for work which involved the cross-claim between defendants and indemnity, issues concerning defendants' insurance coverage, and time expended on preparation and filing of untimely summary judgment pleadings which were never considered nor heard by the Court.  Accordingly, plaintiffs submit that the following time entries submitted by defendants must be eliminated in their entirety:

| Date | Description | Time | Fee | Staff |
|---|---|---|---|---|
| May-24-04 | Prepare cross-complaint for breach of contract, indemnity, contribution and declaratory relief against Station House Inn | 1.80 | 243.00 | LS |

| Date | Description | Hours | Amount | Atty |
|---|---|---|---|---|
| | Communicate (other external) - Prepare Best estern's cross-complaint in proper format for filing with district court; Online investigation on district court website re pacer requirements, docket viewing. | 0.80 | 60.00 | AJM |
| Jun-08-04 | Prepare 7 page letter to Traveler's Insurance and another to Fireman's Fund re tender of defense and indemnity pursuant to contract and additional insured provisions | 2.70 | 364.50 | MLB |
| | Telephone call from LeFre re: insurance policies, reservation procedure; analysis of emails re: insurance, affidavit | 0.30 | 40.50 | LS |
| Jun-19-04 | Telephone call to Pettibone re: tender, coverage | 0.20 | 27.00 | LS |
| Aug-16-04 | Telephone call from Station House Inn's counsel re: acceptance of tender, payment of bills, reservation of coverage, stipulation re: failure to file case management statement | 0.40 | 54.00 | LS |
| Aug-17-04 | Prepare letter to Station House Inn's counsel re: BWI's tender, billing statements, reservation | 0.40 | 54.00 | LS |
| | Prepare letter to client re: Traveler's denial of coverage, Fireman's Fund; analysis of letter from Travelers | 0.30 | 40.50 | LS |
| Sep-07-04 | Telephone call from client re: insurance denials, stipulated settlement | 0.20 | 27.00 | LS |
| Sep-14-04 | Prepare letter to client re: member's payment of fees; analysis of letter from member's counsel | 0.30 | 40.50 | LS |
| Sep-28-04 | Telephone call to client re: billing hotel for defense costs; analysis of facsimile from client re: billing | 0.20 | 27.00 | LS |
| Sep-30-04 | Prepare letter to client re: overpayment, status | 0.20 | 27.00 | LS |
| Aug-03-05 | Communicate (other external) Prepare memorandum of points and authorities in support of Motion for Summary Judgement; research California law and statutes regarding agency principal relationships | 1.50 | 187.50 | JC |
| | Communicate (other external) Prepare Notice of Motion for Summary Judgment on behalf of Best Western International, Inc. | 0.70 | 87.50 | JC |
| | Communicate (other external) Prepare Memorandum of Points and Authorities in support of Motion for Summary Judgment; research United States District Court for the Eastern District of California local rules regarding requirements for filing Motion for Summary Judgment | 1.50 | 187.50 | JC |

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION FOR MONETARY SANCTIONS                                                                                   11

| Date | Description | Hours | Amount | Atty |
|---|---|---|---|---|
| | Communicate (other external) Prepare Memorandum of Points and Authorities for Motion for Summary Judgment regarding standard of Motion for Summary Judgment in Federal Court; research Federal Rules of Civil Procedure Rule 56 regarding standard in granting a defendant Motion for Summary Judgment; research federal case law for standard in granting a defendant Motion for Summary Judgment | 1.50 | 187.50 | JC |
| | Communicate (other external) Prepare Memorandum of Points and Authorities in support of Motion for Summary Judgment regarding Best Western International, Inc. not having any agency relationship with Station House inn; research Best Western International's Membership Agreement with Station House Inn; review guidelines and regulations imposed by Membership Agreement with Station House Inn | 1.90 | 237.50 | JC |
| | Communicate (other external) Prepare memorandum of points and authorities in support of Motion for Summary Judgment regarding Best Western International not having any franchise relationship with its members hotes; research CAlifornia law regarding franchisee relationships; research California statutes regarding franchisee relationships | 0.90 | 112.50 | JC |
| Aug-04-05 | Communicate (other external) Prepare Memorandum of Points and Authorities in support of Motion for Summary Judgment regarding California agency law indicating that no agency relationship exists between Best Western International and member hotels including Station House Inn; analyze California case Cislaw v. Southland Corporation regarding principal and agency relationship | 1.50 | 112.50 | JC |
| | Communicate (other external) Prepare Statement of Facts within Memorandum of Points and Authorities in support of Motion for Summary Judgment | 1.10 | 137.50 | JC |
| | Communicate (other external) Prepare Summary of Argument within Memorandum of Points and Authorities in support of Motion for Summary Judgment | 0.60 | 75.00 | JC |
| | Communicate (other external) Prepare Conclusion within Memorandum of Points and Authorities in support of Motion for Summary Judgment | 0.40 | 50.00 | JC |
| | Communicate (other external) Prepare Separate Statement of Undisputed Material Facts in support of Motion for Summary Judgment | 2.50 | 312.50 | JC |

| | Date | Description | Hours | Amount | Atty |
|---|---|---|---|---|---|
| | | Communicate (other external) Prepare Memorandum of Points and Authorities in support of Motion for Summary Judgment regarding ownership and possession of premises leading to a duty on behalf of defendant; research California law and statutes regarding ownership and possession of premises leading to a duty on behalf of defendant | 1.00 | 125.00 | JC |
| | | Communicate (other external) Prepare Declaration of Dorian LeFre in support of Motion for Summary Judgment | 2.00 | 250.00 | JC |
| | | Communicate (other external) prepare proposed Order granting Motion for Summary Judgment | 0.40 | 50.00 | JC |
| | Aug-11-05 | Conmiunicate (other external) Further prepare Notice of Motion for Summary Judgment | 0.30 | 37.50 | JC |
| | | Communicate (other external) Further prepare Memorandum of Points and Authorities in support of Motion for Summary Judgment | 0.70 | 87.50 | JC |
| | | Communicate (other external) Further prepare Separate Statement of Undisputed Material Facts in support of Motion for Summary Judgment | 0.90 | 112.50 | JC |
| | | Communicate (other external) Further prepare Declaration of Dorian LeFre in support of Motion for Summary Judgment | 0.50 | 62.50 | JC |
| | | Communicate (other external) Further prepare proposed order granting Motion for Summary Judgment | 0.20 | 25.00 | JC |
| | | Communicate (other external) Prepare exhibits in support of Motion for Summary Judgment | 0.40 | 50.00 | JC |
| | Sep-16-05 | Revisions to notice of motion, and memo of points and authorities for motion for summary judgment and summary adjudication; analysis of legal authority re: agency relationship, franchise liability, court docket on Picken v. Timberlane Cove | 1.70 | 229.50 | LS |
| | | Revisions to declaration of LeFre in support of motion for summary judgment/adjudication | 0.50 | 67.50 | LS |
| | | Revisions to proposed order on motion for summary judgment/adjudication | 0.30 | 40.50 | LS |
| | | Prepare proposed judgment of dismissal for motion for summary judgment/adjudication | 0.30 | 40.50 | LS |
| | Sep-19-05 | Revisions to separate statement of undisputed facts for motion for summary judgment/adjudication | 2.10 | 283.50 | LS |
| | | Prepare letter to LeFre re: declaration in support of motion for summary judgment | 0.20 | 27.00 | LS |

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION FOR MONETARY SANCTIONS                                                                 13

| Date | Description | Hours | Amount | Atty |
|---|---|---|---|---|
| | Communicate (other outside counsel) - Prepare final revisions to Best Western International's notice of summary judgment, points and authorities in support of motion for summary judgment, and declaration of LeFre; Prepare email to Dorian LeFre re review of summary judgment motion; Prepare and assemble exhibits to declaration of LeFre and Cassa; Prepare documents in PDF format for transmittal; Prepare updated matters matrix. | 1.30 | 97.50 | KF |
| Sep-22-05 | Communicate (other outside counsel) - Prepare further revisions to BWFs points and authorities in support of motion for summary judgment, and separate statement of undisputed material facts, including insertion of relevant facts, supporting evidence, cross-references to facts in brief; Review of declarations of Cassa and LeFre in preparation of same; Prepare updated matters matrix. | 2.20 | 165.00 | KF |
| Sep-23-05 | Communicate (other outside counsel) - Prepare revised declaration of Deborah Wesson in support of motion for summary judgment; Prepare updated matters matrix. | 0.20 | 15.00 | KF |
| Sep-26-05 | Prepare email to client re: declaration in support of motion for summary judgment; analysis of email from client re: same | 0.20 | 27.00 | LS |
| Sep-30-05 | Communicate (other outside counsel) - Prepare draft of declaration of Sasaki in support of BWI's motion for summary judgment. | 0.30 | 22.50 | KF |
| | Communicate (other outside counsel) - Prepare further revisions to BWI's notice of motion for summary judgment, points and authorities in support of motions, declarations of Wesson and Cassa, and separate statement of undisputed facts. | 0.80 | 60.00 | KF |
| | Communicate (other outside counsel) - Prepare drafts of proposed judgment and proposed order in support of motion for summary judgment; Prepare updated matters matrix. | 0.40 | 30.00 | KF |
| Oct-11-05 | Communicate (other external) - Telephone call to Dept. 10 clerk re procedures for scheduling and hearing summary judgment motion. | 0.20 | 15.00 | KF |
| Nov-03-05 | Communicate (other outside counsel) - Prepare in final for filing with the court and service on all parties BWI's notice of motion for summary judgment, points and authorities, separate statement of undisputed material facts, declarations of Cassa, Wesson and Sasaki, proposed order and proposed judgment, Prepare and assemble exhibits to declarations of Cassa and Wesson; Prepare proofs of service and service list attachments for each document; Prepare all documents for upload on court's EC/CM | 1.20 | 90.00 | KF |

| Date | Description | Hours | Amount | Atty |
|---|---|---|---|---|
| | Communicate (other external) - Phone call to Judge Burrell's clerk re hearing on Best Western's motion for summary judgment. | 0.20 | 15.00 | KF |
| Nov-08-05 | Communicate (with client) - Prepare in final correspondence to client re BWI's motion for summary judgment; Prepare and assemble enclosures to correspondence, including motion and all supporting documentation. | 0.30 | 22.50 | KF |
| Dec-04-05 | Communicate (other external) Preparation of notice of exparte application, memorandum of points and authorities in support of exparte application to shorten time on a motion for leave to file motion for summary judgment beyond motion cut-off date based upon analysis of federal case law and declaration in support thereof. | 3.60 | 450.00 | ACB |
| Dec-05-05 | Communicate (other external) Preparation of analysis for standard of review for exparte application for motion for leave to file and hear motion for summary judgment beyond motion cutoff date. | 1.10 | 137.50 | ACB |
| Dec-08-05 | Communicate (other outside counsel) - Prepare in final for filing with the court and service on all parties notice of exparte application, memorandum of points and authorities, declaration of Sasaki and 2 proposed orders for order shortening time for leave to file motion for summary judgment; Prepare and assemble exhibits to declaration; Prepare proofs of service and service list attachments for each document. | 0.80 | 60.00 | KF |
| | Communicate (other outside counsel) - Prepare in final for filing with the court and service on all parties notice of motion for leave to file motion for summary judgment, points and authorities, declaration of Sasaki, proposed order; Prepare and assemble exhibits to declaration; Prepare proofs of service and service list attachments for each document; Prepare updated matters matrix. | 0.80 | 60.00 | KF |
| | Communicate (other external) - Phone call to Dept. 10 clerk re information for exparte application for order shortening time for hearing on motion for leave to file motion for summary judgment. | 0.20 | 15.00 | KF |
| Dec-09-05 | Communicate (other external) - Phone call to Judge Burrell's clerk re information on exparte applications. | 0.20 | 15.00 | KF |
| Dec-12-05 | Communicate (other external) - Phone call to Judge Burrell's secretary re information on exparte applications and hearings. | 0.20 | 15.00 | KF |

(Declaration of Laura Sasaki, ¶ 31, Exh.Q).

In addition, defendants are seeking recovery of fees for tasks which appear to have been performed by a secretary or legal assistant. Such tasks are generally not chargeable to a fee-paying client, but are subsumed into the attorneys' billing rate as overhead. Thus, plaintiff submits that all charges billed by defendants' counsel's support staff, and which are reflected on counsel's billing report with the initials AJM and KF, should be denied.

Plaintiff further submits that defendants' counsel's billing is generally excessive. In addition to the examples listed below, plaintiff notes that it is the rare telephone call which defendants' counsel bills for something less than 0.2. In fact, the only two telephone calls that counsel billed at 0.1 were calls to Judge Thomas Dandurand to discuss his possible retention as the parties' mediator. While the over-billing of a telephone conversation on its own may be insignificant, when such a practice is multiplied over the course of the litigation it becomes substantial. Such a practice is also indicative of similar inaccuracies and over-billing generally, and counsel's billing should be further reduced by 25% across-the-board.

| Date | Description | Time | Fee | Staff |
|---|---|---|---|---|
| May-20-04 | Prepare initial report to LeFre re: case summary, pleadings, allegations, demand letter, discovery, depositions; analysis of complaint, demand letter, letters/emails, reservation policy | 2.10 | 283.50 | LS |
| Jun-07-04 | Prepare chronology of events and comprehensive review of file and recent case law on misrepresentations to the public at large and emotional distress damages | 3.80 | 513.00 | MLB |
| Jun-10-04 | Communicate (other external) Prepared memorandum of points and authorities re responsive pleading and report to the carrier- whether it was BWI's duty to confirm availability of room for handicapped | 2.70 | 337.50 | JL |

| Jun-11-04 | Communicate (other external) Prepared memorandum of points and authorities re carrier report as to liability, duty to investigate, impact on business | 1.20 | 150.00 | JL |

(Declaration of Laura Sasaki, ¶ 31, Exh.Q).

With regard to defendant's reported costs, plaintiff notes that the entry dated for September 29, 2004, in the amount of $4,033.60, is not a cost chargeable to the plaintiff, but rather reflects a refund of fees paid presumably by defendant. Therefore, defendants' overall costs should be reduced accordingly.

Taking into account the reductions discussed above, defendants' requested attorneys' fees and costs, if awarded at all, should be reduced to $8,741 from the $23,359.63 reported.

Further, it must be noted that plaintiff's counsel was unable to review the attorneys' fees, costs, and litigation expenses of the Mezzetti Law Firm which were allegedly attached as Exhibit E to the Declaration of Robert L. Mezzetti II. However, no such exhibit was filed with defendants' moving papers. Plaintiff's counsel has been prejudiced in their inability to review and analyze Mr. Mezzetti's billing in the amount of $68,549.28. Defense counsels request for this amount must be denied unless plaintiff's counsel is given the opportunity to review and comment on it prior to the hearing on February 27, 2006.

**CONCLUSION**

For the foregoing reasons, defendant's motion for sanction should be denied in its entirety.

Dated: February 13, 2006                THOMAS E. FRANKOVICH,
                                        *A PROFESSIONAL LAW CORPORATION*


                                        By:  /s/ Julia M. Adams
                                             Julia M. Adams
                                             Attorneys for Plaintiff SUSAN BOWMAN